UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

EDWARD FORBES and MATTHEW FORBES, minors, by JENNIFER FORBES, as their Guardian ad Litem,

    Plaintiffs,

  v.

DR. CHESTER HSU, D.D.S. dba SILVER STAR DENTAL PRACTICE; RONALD F. MYERS; CAROLINE MYERS,

    Defendants.

No. 2:07-cv-01371 MCE-KJM

**ORDER**

On June 5, 2009, Plaintiffs filed an Application for an Order to Show Cause as to why Defendants Ronald F. Myers and Caroline Myers should not be held in contempt for failing to comply with the Consent Decree and Order in this case by remitting the agreed upon settlement proceeds.  Plaintiffs also filed a concurrent request that their Application be heard on an expedited basis given their belief that the Myers Defendants intend to shortly seek bankruptcy protection, and would consequently seek to evade their obligations under the settlement agreement.

1

While the parties apparently executed the Consent Decree on August 27, 2008, the docket in this matter shows that it was not submitted for the Court's approval until June 3, 2009 and was not signed and filed until June 8, 2009. While the terms of the Consent Decree called for the Myers Defendants to make settlement payments three and six months following their execution of the Consent Decree, in the absence of the Court's approval of the Consent Decree those payment provisions were not yet binding.

The fact that the Consent Decree was not approved by the Court until <u>after</u> Plaintiffs sought to hold Plaintiffs in contempt for failing to abide by its terms does not support a request to sanction the Myers Defendants as Plaintiffs request. Although the Court did approve the settlement reached as being in the Minor Plaintiffs' best interest by Order filed April 29, 2009,[1] the Consent Decree, and not that Order, addressed the timing of the settlement payment and only the terms of the Consent Decree are applicable in assessing the Myers' payment obligations. Since contempt in this instance necessarily pertains to a refusal or failure to abide by a Court order, it is plain that Plaintiffs cannot be held in violation of an Order that was not even issued at the time Plaintiffs attempted to institute contempt proceedings.

///

///

///

---

[1] The record shows that Plaintiff's initial Motion for Minor's Compromise was rejected by the Court as deficient on October 28, 2008. Plaintiffs waited more than four months before refiling their Motion on March 10, 2009.

2

1    Plaintiffs' Application for Order to Show Cause re: Contempt
2 is accordingly DENIED.  The concurrent Application for Order
3 Shortening Time is rejected as moot given the Court's denial of
4 the Application.
5    IT IS SO ORDERED.

Dated: June 11, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3